IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

PAUL R. JAMES, JR.,

        Plaintiff,

        v.

OFFICER MUN, OFFICER WASSILIE, and SUPERINTENDENT KARGASS,

        Defendants.

Case No. 3:24-cv-00092-SLG

## SCREENING ORDER

On April 25, 2024, self-represented prisoner Paul R. James ("Plaintiff") filed a civil complaint and an application to waive prepayment/payment of the filing fee.[1] Plaintiff alleges on or about December 2023, Defendants discriminated against him, violated his due process rights in violation of the Fourteenth Amendment, and violated his Eighth Amendment right to be free from cruel and unusual punishment.[2] Although Plaintiff's narrative describes events affecting himself, Plaintiff attempts to bring his claims as a class action.[3] For relief, Plaintiff seeks

---

[1] Dockets 1-2.

[2] Docket 1 at 3.

[3] *See* Docket 2 at 1 (requesting the Court to "grant" his 14th Amendment Class action.).

damages in the amount of $100,000 in damages; $100,000 in punitive damages, an order requiring defendants to be summoned, and "injunctive relief" generally.[4]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

---

[4] Docket 7 at 5.

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 2 of 19
Case 3:24-cv-00092-SLG    Document 6    Filed 10/23/24    Page 2 of 19

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

---

[7] See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

[11] Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 3:24-cv-00092-SLG, James v. Mun, et al.
Screening Order
Page 3 of 19
Case 3:24-cv-00092-SLG    Document 6    Filed 10/23/24    Page 3 of 19

## DISCUSSION

### I. Plaintiff cannot represent other prisoners or a class of prisoners

A non-attorney self-represented litigant may represent only his own interests,[12] and has "no authority to appear as an attorney for others than himself."[13] Plaintiff cannot bring claims on behalf of other individual prisoners and may not represent a class of prisoners in a class action. Accordingly, the Court only considers the claims affecting Plaintiff personally, and if Plaintiff elects to file an amended complaint, he must do so only on his own behalf.

### II. Plaintiff's claims for injunctive and declaratory relief are mooted by his transfer to a different facility

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[14] "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."[15]

---

[12] 28 U.S.C. § 1654.

[13] See *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs). *See also* Fed. R. Civ. P. 11 (filings that do not include the original signature of the filing self-represented party cannot be considered by the Court).

[14] *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); accord *Gator.com Corp. v. L.L. Bean*, *Inc.,* 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc).

[15] *Am. Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1123 (9th Cir. 1997).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 4 of 19
Case 3:24-cv-00092-SLG    Document 6    Filed 10/23/24    Page 4 of 19

When a prisoner is transferred to another prison, his request for injunctive relief concerning conditions or policies at the prison from which he was transferred is generally considered moot.

The events Plaintiff describes allegedly occurred when he was detained in the Yukon Kuskokwim Correctional Center. On July 3, 2024, Plaintiff filed a Notice of Change of Address, indicating he has been transferred to the Goose Creek Correctional Center.[16] Without evidence of an expectation that he will be transferred back to the Yukon Kuskokwim Correctional Center, Plaintiff's requests for injunctive and declaratory relief are mooted by his transfer.[17] Therefore, in any amended complaint, Plaintiff must not include claims for injunctive or declaratory relief. However, Plaintiff may file an amended complaint to pursue monetary damages if he can plead facts to support a plausible claim.

### III. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible

---

[16] Docket 13.

[17] *Preiser,* 422 U.S. at 402–03 (where prisoner challenges conditions of confinement and seeks injunctive relief, transfer to another prison renders request for injunctive relief moot absent evidence of an expectation that prisoner will be transferred back to offending institution); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (prisoner's injunctive relief claim against state prison official is moot following transfer to federal prison).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 5 of 19
Case 3:24-cv-00092-SLG    Document 6    Filed 10/23/24    Page 5 of 19

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[20] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[21] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[22]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[23] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted

---

"materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[19] *Ashcroft*, 556 U.S. at 678.

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[22] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

[23]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 6 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 6 of 19

deductions of fact.[24] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[25]

### IV. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[26] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[27] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[28]

---

[24] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[25] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[26] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[27] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[28] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 7 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 7 of 19

### A. No Right to Prison Job

Plaintiff claims that while he was incarcerated in the Yukon Kuskokwim Correctional Center, Defendants treated him unfairly during his work assignment, denied him extra benefits given to other prisoners, refused to give him the work assignment he wanted, and terminated him from a job. Plaintiff alleges his issues with prison work violate his Fourteenth Amendment equal protection and due process rights, as well as his Eighth Amendment right to be free of cruel and unusual punishment. However, there is no constitutional right to a prison job, or its benefits, including pay.[29] Nor is there a right to receive or retain a particular prison job assignment.[30] Therefore, Plaintiff fails to state a cognizable claim under either the Eighth or Fourteenth Amendment.

### B. Cruel and Unusual Punishment

Inmates alleging Eighth Amendment violations based on prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm.[31] Prison officials

---

[29] *Cf. Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 846 (9th Cir.1985) (general limitation of jobs and educational opportunities is not considered punishment); *Rizzo v. Dawson,* 778 F.2d 527, 530 (9th Cir.1985) (no right to vocational course for rehabilitation); *Hunter v. Heath*, 95 F. Supp. 2d 1140, 1147 (D. Or. 2000) ("It is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment."), *rev'd on other grounds*, 26 F. App'x 754, 755 (9th Cir. 2002).

[30] *Harris v. Sivley,* 951 F.2d 360 (9th Cir. 1991) ("Prisoners have no constitutional right to a prison job.").

[31] *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wallis v. Baldwin,* 70 F.3d 1074, 1076

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 8 of 19
Case 3:24-cv-00092-SLG     Document 6     Filed 10/23/24     Page 8 of 19

display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety.[32] Prison officials are required to provide humane conditions of confinement and take reasonable steps to ensure the safety of the prisoners that live in that environment.[33] Conditions of confinement only rise to a level of a constitutional violation when they deprive an inmate of the minimal measures of life's necessities.[34]

A prisoner's labor may be considered a condition of confinement.[35] However, the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain."[36]

---

(9th Cir.1995).

[32] *Farmer,* 511 U.S. at 838–40; *Wallis,* 70 F.3d at 1077.

[33] *Osolinski v. Kane,* 92 F.3d 934, 936–37 (9th Cir.1996).

[34] *Farmer,* 511 U.S. at 834 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)).

[35] *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006), *opinion amended on reh'g*, 2006 WL 3437344 (9th Cir. Nov. 30, 2006).

[36] *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam); *see also Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir. 1995) (analyzing under the Eighth Amendment a prisoner's claim that his health was endangered when he was forced to remove asbestos without protective gear). *See also Barno v. Ryan,* 399 F. Appx. 272, 273 (9th Cir.2010) (unpublished opinion) (holding loss of a prison job as a result of erroneous sex offender classification does not rise to Eighth Amendment level of claim) cert. denied, 131 S.Ct. 942, 178 L.Ed.2d 780 (U.S. 2011); *Clark v. Maryland Dept. of Public Safety and Correctional Services,* 316 F. Appx. 279, 281 (4th Cir. 2009) (unpublished opinion) ("[A]s prisoners do not have a constitutionally protected right to work while incarcerated,

## C. Fourteenth Amendment Due Process Claim

The Fourteenth Amendment Due Process Clause states that no state actor may "deprive any person of life, liberty, or property without due process of law." To prevail on a procedural due process claim, Plaintiff bears the burden of pleading and proving: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) the lack of process.[37]

"The threshold question in due process analysis is whether a constitutionally protected interest is implicated."[38] The Due Process Clause does not protect every change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners.[39] An inmate's constitutional due process rights are implicated only when he faces a situation that imposes "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life."[40]

---

termination from a prison job does not constitute an Eighth Amendment violation").

[37] *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

[38] *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 843 (9th Cir. 1985).

[39] *Meachum v. Fano,* 427 U.S. 215, 224 (1976).

[40] *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995); *see also Bauman v. Arizona Dep't of Corrections,* 754 F.2d 841, 846 (9th Cir. 1985) (denial of work and home furlough does not implicate constitutional interests because no state created liberty interest); *Barno v. Ryan,* 399 F. App'x 272, 273 (9th Cir. 2010) (unpublished opinion) (holding loss of a prison job as a result of erroneous sex offender classification does not rise to Eighth Amendment level of claim), *cert. denied,* 131 S. Ct. 942 (2011).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 10 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 10 of 19

"[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]' "[41] A prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment.[42] Because Plaintiff has no liberty interest in his prison job, he is not entitled to due process procedural protections prior to being deprived of a job that he lost or was precluded from obtaining. Therefore, he has failed to state a Fourteenth Amendment due process claim for which relief may be granted.

### D. Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[43] To state a claim for a violation of this provision, a plaintiff must plausibly allege facts that if proven, would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class.[44]

---

[41] *Walker v. Gomez,* 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir. 1986) (per curiam), and citing *Baumann,* 754 F.2d at 846).

[42] *Hunter v. Heath*, 95 F. Supp. 2d 1140, 1147 (D. Or. 2000), *rev'd on other grounds*, 26 F. App'x 754, 755 (9th Cir. 2002).

[43] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

[44] *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class). *See also Yick Wo v. Hopkins,* 118 U.S. 356, 369 (1886) (The guarantees of equal protection "are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 11 of 19
Case 3:24-cv-00092-SLG    Document 6    Filed 10/23/24    Page 11 of 19

Prisoners are not a protected class, but the Equal Protection clause does protect prisoners from intentional discrimination based on race,[45] religion,[46] gender or gender identity,[47] and

To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent based on that protected class.[48] The Fourteenth Amendment is not violated by unintentional conduct that may have a disparate impact.[49] The United States Supreme Court has observed that "showing that different persons are treated differently is not enough without more, to show a

---

laws.").

[45] *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). *See also Johnson v. California*, 543 U.S. 499, 512–15 (2005) (holding that strict scrutiny is the proper standard of review for a prisoner's equal protection challenge to racial classifications); *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (per curiam) (Racial segregation is unconstitutional within prisons "save for 'the necessities of prison security and discipline.' ") (internal citations omitted); *Grutter v. Bollinger,* 539 U.S. 306, 327 (2003) ("When race-based action is necessary to further a compelling governmental interest, such action does not violate the constitutional guarantee of equal protection so long as the narrow-tailoring requirement is also satisfied.").

[46] *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (citing *Cruz*, 405 U.S. at 321–22), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

[47] *Compare Harrison v. Kernan*, 971 F.3d 1069, 1079–80 (9th Cir. 2020) (adopting intermediate scrutiny in gender-based prison cases) *with Karnoski v. Trump,* 926 F.3d 1180, 1201 (9th Cir. 2019) (holding that the level of scrutiny applicable to discrimination based on transgender status is "more than rational basis but less than strict scrutiny").

[48] *See Washington v. Davis*, 426 U.S. 229, 239–40 (1976).

[49] *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977); *Washington v. Davis,* 426 U.S. 229, 239 (1976).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 12 of 19
Case 3:24-cv-00092-SLG    Document 6    Filed 10/23/24    Page 12 of 19

denial of Equal Protection."[50] For a plaintiff to prevail, this "discriminatory purpose" must be clearly shown since a purpose cannot be presumed.[51]

Plaintiff alleges that he was treated differently than other prisoners because he is "not from H[oo]per Bay" or a gang member.[52] Although Plaintiff claims he was discriminated against, Defendant Mun's response to Plaintiff's grievance claiming he was denied another job while other prisoners were given available positions explained that Plaintiff's request for another job was denied because he is unreliable, quit his last job without notice, and is restricted on where he can work because of separation requirements.[53] Even if these were not legitimate justifications for treating Plaintiff differently than other inmates, prisoners are not a protected class.[54] Because Plaintiff has not alleged facts to support a finding of discrimination based on his membership in a protected class, Plaintiff fails to state a claim for violation of the Equal Protection Clause.[55]

---

[50] *Griffin v. County Sch. Bd. of Prince Edward County,* 377 U.S. 218, 230 (1964).

[51] *See Snowden v. Hughes,* 321 U.S. 1, 8 (1944) (holding there must be a showing of "intentional or purposeful discrimination . . . a discriminatory purpose is not presumed").

[52] Docket 1 at 3.

[53] Docket 2-1.

[54] *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (holding indigent prisoners are not a protected class for purposes of stating an equal protection claim).

[55] *Cf. United States v. Juvenile Male,* 670 F.3d 999, 1009 (9th Cir. 2012) (recognizing that the Ninth Circuit has previously "rejected the argument that sex offenders are a suspect or protected class.") (citing *United States v. LeMay,* 260 F.3d 1018, 1030–31 (9th Cir. 2001)).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 13 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 13 of 19

## V. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[56] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[57] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[58] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[59] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered

---

[56] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[57] Fed. R. Civ. P. 8(a)(2).

[58] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[59] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 14 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 14 of 19

short paragraphs, and no paragraph number being repeated anywhere in the complaint.[60] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff. Neither the Court nor the defendants are required to search through a plaintiff's narrative in an effort to try to pull out facts and allegation regarding each defendant.

Although Plaintiff is being given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[61] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis or any claims or defendants the Court has previously dismissed with prejudice.

## Plaintiff's Filing at Docket 4

Power of Attorney Agreement at Docket 4. As the Court has previously informed plaintiff, documents that do not comply with the Federal Rules of Civil Procedure and the Local Civil Rules should not be filed. Notices are a type of filing

---

[60] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[61] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 15 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 15 of 19

that should be rarely used and only for administrative functions—i.e., to notify the court of a change of address or for an attorney to appear to represent a client.[62] "Notices" requesting action from the Court are not motions and will not be considered. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

---

[62] *See* Local Civil Rule 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); *see also* Local Civil Rule 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of their client).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 16 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 16 of 19

4. Federal law requires that self-represented prisoners receive a "strike" if this case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted."[63] Once a prisoner-plaintiff has accumulated three strikes, he may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.[64]

5. Plaintiff's application to waive prepayment of the filing fee at **Docket 2 is GRANTED.**

6. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[65] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to

---

[63] 28 U.S.C. § 1915(g).

[64] *Id. See also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (To qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by a federal court.).

[65] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 17 of 19
Case 3:24-cv-00092-SLG   Document 6   Filed 10/23/24   Page 17 of 19

Waive the Filing Fee (Form PS11).[66]  Failure to comply may result in dismissal of this action.

8.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[67]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9.     Self-represented litigants must be ready to diligently pursue each case to completion.  Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10.    At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[68]  The Notice shall not include requests for any other relief.  A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

---

[66] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[67] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[68] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 18 of 19
Case 3:24-cv-00092-SLG     Document 6     Filed 10/23/24     Page 18 of 19

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 23rd day of October, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00092-SLG, *James v. Mun, et al.*
Screening Order
Page 19 of 19
Case 3:24-cv-00092-SLG    Document 6    Filed 10/23/24    Page 19 of 19